UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MBD NO. 13-91171 |
| | ) | |
| BENJAMIN PARKER | ) | |

**JOINT MOTION FOR ENDS-OF-JUSTICE CONTINUANCE OF TIME FOR FILING AN INDICTMENT OR INFORMATION, AND EXCLUSION OF TIME, UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through Assistant United States Attorney Robert E. Richardson, and defendant Benjamin Parker (the "defendant"), through undersigned counsel Kevin J. Reddington, Esq., respectfully move this Court to grant a third and final continuance of the time within which an indictment or information must be filed as to said defendant, and exclude the time period from October 16, 2013, through and including November 15, 2013, from the speedy trial clock, pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance and excluding this period outweigh the best interests of the public and the defendant in a speedy trial. Said parties further ask this Court to issue the attached proposed *Order of Continuance and Excludable Delay*. In so doing, the parties recognize that in allowing a second such continuance the Court stated that no further continuances should be anticipated. Based on the following and on the accompanying materials filed under seal, the parties respectfully request that the Court allow one final continuance.

1.  The defendant was arrested on June 27, 2013 in the Western District of New York in connection with the complaint styled *United States v. Benjamin Parker,* 13-M-05080-JGD. The complaint charges the defendant with attempted kidnaping, in violation of 18 U.S.C. § 1201(a)(1), and attempted witness tampering, in violation of 18 U.S.C. § 1512(a)(2)(A). At his initial appearance in the Western District of New York, the government moved for detention. The defendant waived his right to an identity hearing and reserved his right to a preliminary examination and a detention hearing in this District. The defendant was ordered removed to this District and was transported to this District by the United States Marshal Service. The defendant appeared before United States Magistrate Judge Judith Gail Dein on July 22, 2013. The defendant's initial appearance was held at that time. The defendant agreed to a voluntary order of detention and requested that the preliminary examination be continued to August 15, 2013 to enable counsel to obtain some discovery from the government and otherwise engage in discussion with the government. The court continued the matter to August 15, 2013 for such purpose. The government provided the defendant with some materials prior to August 15, 2013, and on August 15, 2013, the defendant waived the preliminary examination and agreed to a voluntary order of detention.

2.  At the time of his arrest on the complaint, the defendant was already under indictment in this District in the case styled *United States v. Benjamin Parker,* Criminal No. 12-10214-GAO, in which the defendant is charged with attempted arson, in violation of 18 U.S.C. § 844(i). The defendant had been scheduled to plead guilty before United States District Judge George A. O'Toole on July 11, 2013. However, beginning on June 17, 2013, the defendant engaged in the conduct alleged in the complaint with respect to two witnesses in the arson case.

Because the defendant had not arrived in this District as of July 11, 2013 following his New York arrest, that appearance was cancelled.  On August 13, 2013, the parties appeared before Judge O'Toole and reported that they had begun discussions to determine whether all of the charges – the original attempted arson charge and the new attempted kidnaping and witness tampering charges – could be resolved together by way of a superseding information.  That matter was continued to October 15, 2013.

    3.   The parties believe it likely that they can reach a final resolution that would enable all pending charges to be resolved by way of a superseding information.  In that regard, the government has provided the defendant with additional discovery since August 15, 2013, and the parties have met and had additional discussions in an effort to determine whether this matter can be so resolved.  In particular, on September 6, 2013, once the defendant had had an opportunity to review the discovery provided, counsel for the defendant and the government met and discussed specific charges and the way in which the United States Sentencing Guidelines might operate should the parties reach such a resolution.

    4.   Since that meeting, undersigned government counsel has obtained the necessary approval within the United States Attorney's Office to proceed with the new charges either by way of a superseding information or by way of indictment.  Counsel for the defendant has met extensively with the defendant and the defendant's family.  As indicated in the affidavit filed under seal herewith, counsel for the defendant has also retained the services of an expert.  Based on the expert examination to date and on the advice of said expert, counsel seeks one additional continuance in order to ensure that the defendant can enter a knowing and intelligent plea to the charges.  The defendant's expert estimates that the additional testing can be completed in two to

three weeks.

5. Accordingly, the parties respectfully request the Court to allow one final continuance of 30 days of the government's time to indict with respect to the new charges. If the requested time is excluded, the government has until November 15, 2013, to return an indictment in this case.

6. A proposed order is attached.

                                    Respectfully submitted,

                                    CARMEN M. ORTIZ
                                  United States Attorney

By: /s/ Robert E. Richardson
     ROBERT E. RICHARDSON
     Assistant U.S. Attorney

     BENJAMIN PARKER

By: /s/Kevin Reddington (rer)
     KEVIN REDDINGTON

Dated: October 8, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ Robert E. Richardson
     ROBERT E. RICHARDSON
     Assistant U.S. Attorney

Dated: October 8, 2013

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**UNITED STATES OF AMERICA**

**v.**

**BENJAMIN PARKER,**

      **Defendant.**

**MBD NO. 13-91171**

**[PROPOSED] ORDER OF CONTINUANCE AND EXCLUDABLE DELAY**

Upon consideration of the joint motion of the government and defendant Benjamin Parker (the "defendant") seeking an order of continuance and excludable delay, the Court finds as follows:

1.    Said parties have been engaged in discussions, and intend to engage in further discussions, regarding the possible resolution of this matter (which was initiated by a criminal complaint in *United States v. Benjamin Parker,* 13-M-05080-JGD), which might obviate the need for an indictment.  The requested continuance of the time in which an indictment or information must be filed will permit defense counsel to adequately confer with the defendant, will enable an expert retained by the defendant to complete his examination concerning an issue relevant to the potential resolution, and will permit the parties to address the matter fully, before the government is required to seek an indictment.  Such a resolution would help to conserve the scarce resources of the Court and the parties and provide the parties and the public with certainty as to the outcome of the proceeding.

2. Accordingly, the ends of justice served by granting the requested continuance, and excluding the time period from October 16, 2013, through and including November 15, 2013, from the speedy trial clock, outweigh the best interests of the public and defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases*, (1) the date on which an indictment or information must be filed as to defendant Benjamin Parker is continued to November 15, 2013; and (2) the period from October 16, 2013, through and including November 15, 2013, is excluded from the speedy trial clock and from the time within which an indictment or information as to defendant Benjamin Parker must be filed.

_____
UNITED STATES DISTRICT JUDGE

Date: